**FILED**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

2014 JAN -2  PM 2: 45

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ KCC
         DEPUTY

| | |
|---|---|
| STATE OF FLORIDA, et al.,       ) | **A13 CV1082 LY** |
|            ) | |
|       Plaintiffs,    ) | Civil Case No._____ |
|            ) | |
| vs.            ) | |
|            ) | |
| SERVICE CORPORATION     ) | |
|  INTERNATIONAL, et al.,    ) | |
|            ) | |
|       Defendants.   ) | |
|            ) | |

## FINAL CONSENT JUDGMENT

The States of Texas, Florida, Maryland, Missouri, North Carolina, and Tennessee and the

Commonwealth of Pennsylvania ("Plaintiff States") have filed their Complaint against

Defendants Service Corporation International ("SCI") and Stewart Enterprises, Inc. ("Stewart")

pursuant to and alleging violations of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18

and the antitrust laws of their respective states;

Defendants acknowledge receipt of Plaintiff States' Complaint and agree to waive service

of summons in this action;

Plaintiff States and Defendants, by their respective attorneys, have consented to the entry

of this Final Consent Judgment to resolve all matters of dispute between them in this action

without trial or adjudication of any issue of fact or law.  This Final Consent Judgment does not

constitute any evidence against or admission by any party regarding any issue of fact or law,

other than the jurisdictional facts set forth herein;

1

Defendants have agreed to be bound by the provisions of this Final Consent Judgment pending its entry by the Court;

Defendants hereby represent to the Court that the commitments required below can and will be made, and that Defendants will later raise no claim of hardship or difficulty as grounds for asking the Court to modify any of the provisions below other than those set forth in this Final Consent Judgment absent changed circumstances;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is **ORDERED, ADJUDGED, AND DECREED**:

## I.    JURSIDICTION AND VENUE

A.    This Court has jurisdiction over the subject matter of and each of the parties to this action. This Court has supplemental jurisdiction of the claims brought pursuant to state laws pursuant to 28 U.S.C. § 1367(a).

B.    The Complaint states a claim upon which relief can be granted against Defendants SCI and Stewart pursuant to 28 U.S.C. §§ 1331 and 1337(a) and under Sections 7 and 16 of the Clayton Act as amended (15 U.S.C. §§ 18 and 26).

C.    Venue is proper in this Court under Section 12 of the Clayton Act, 15 U.S.C. § 22 and under 28 U.S.C. § 1391(b).

D.    This Court has personal jurisdiction over Defendants.

E.    Defendants have acknowledged service and waived any claim for insufficiency of process or service of process.

F.    Entry of this Final Consent Judgment is in the public interest.

## II.    DEFINITIONS

Unless otherwise indicated, the capitalized terms used herein shall have the meaning ascribed to them in the Decision and Order provisionally accepted by the Federal Trade Commission in the Matter of Service Corporation International and Stewart Enterprises, Inc., Docket No. C-4423, on December 20, 2013, ("FTC Order") a copy of which is incorporated herein by reference and attached hereto as Exhibit A.  In the event the final FTC Order issued by the Federal Trade Commission in this matter differs from the FTC Order attached hereto, it is agreed the final FTC Order shall be the "FTC Order" referred to herein.

## III.    APPLICABILITY

This Final Consent Judgment applies to SCI and Stewart.

## IV. REQUIRED DIVESTITURES

A.      As provided in the FTC Order, Defendants shall divest the Divestiture Assets of the Divestiture Businesses relating to the Plaintiff States pursuant to the timing requirements and other relevant provisions of the FTC Order.  A list of the Divestiture Businesses relating to the Plaintiff States is attached to this Final Consent Judgment as Exhibit B.

B.      Defendants shall provide the relevant Plaintiff State's designee, at the same time such application is transmitted to the Federal Trade Commission, a copy of any application (including supporting materials) to acquire the Divestiture Assets relating to the Plaintiff State (as set forth in Exhibit B to this Final Consent Judgment and Appendix A to the FTC Order) that is submitted to the Federal Trade Commission for prior approval pursuant to Paragraph II.A. of the FTC Order.  For purposes this paragraph, a Plaintiff State's designee will be Assistant

Attorney General, Antitrust Enforcement, Office of the Attorney General of the relevant state at the address noted in the signature blocks attached hereto.

## V.    REQUIRED NOTIFICATION

A.    If Defendants seek to acquire, directly or indirectly, through subsidiaries or otherwise, any leasehold, ownership interest, or any other interest, in whole or in part, in any concern, corporate or non-corporate, or in any assets engaged in Funeral Services or Cemetery Services which are within a geographic area identified in Exhibit C to this Final Consent Judgment, Defendants shall provide advance written notification with respect to such proposed transaction to the relevant Plaintiff State. Such notice shall be delivered at the same time as any notice required by Part V. of the FTC Order is delivered to the Federal Trade Commission and shall consist of a copy of the notice (including all supporting materials) submitted to the Federal Trade Commission.

B.    In addition to the foregoing notification requirements, Defendants will notify Plaintiff States' designee at least 30 days prior to:

1.    Dissolution of Defendants;

2.    Any proposed acquisition, merger or consolidation of Defendants (other than the Acquisition); or

3.    Any other change in Defendants, including, by not limited to, assignment and the creation or dissolution of subsidiaries, if such change might affect compliance obligations arising out of this Final Consent Judgment or the FTC Order.

## VI.    COMPLIANCE

A.      Defendants will provide Plaintiff States' designee, with a copy of the verified reports required by Paragraph VII.A. of the FTC Order setting forth in detail, the manner and form in which they intend to comply with the FTC Order at the same time any such report is provided to the Federal Trade Commission.

B.      With respect to any divestitures required by II.A of the FTC Order in a Specified State which is also a Plaintiff State, Defendants shall include in their compliance reports (i) the status of the divestiture and transfer of the Divestiture Assets; (ii) a description of all Transitional Services provided to each Acquirer; (iii) a description of all substantive contacts with each Acquirer; and (iv) any other actions taken by Defendants relating to compliance with the terms of the FTC Order and/or any Divestiture Agreement and (v) as applicable, a statement that any divestiture approved by the FTC has been accomplished, including a description of the manner in which Defendants completed such divestiture and the date the divestiture was accomplished.

C.      Notice to Plaintiff States designee will be satisfied by service by overnight address to:

> Lizabeth A. Brady
> Chief, Multistate Antitrust Enforcement
> Office of the Attorney General
> State of Florida
> Antitrust Section
> 107 West Gaines Street
> Tallahassee, FL 32301

For the purposes of this Final Consent Judgment, the acting Chief, Multistate Antitrust Enforcement, Office of the Attorney General, State of Florida is the Plaintiff States' designee.

D.      In the event a Plaintiff State seeks to determine or secure compliance with this Final Consent Judgment, subject to any legally recognized privilege and upon written request by

5

the Plaintiff State and upon five (5) days' notice to Defendants, Defendants shall allow the

Plaintiff State the same access to its facilities, assets, and materials and employees as set forth in

Paragraph IX of the FTC Order.  Defendants shall further permit representatives of the Plaintiff

States to accompany any representative of the Federal Trade Commission in any inspection or

interview allowed under Paragraph IX of the FTC Order as it may relate to a Plaintiff State or to

the terms of this Final Consent Judgment, subject to the same confidentiality provisions

applicable to the investigation of the Acquisition as contained in the limited waivers of

confidentiality provided by Defendants.

## VII.    ENFORCEMENT

If one or more of the Plaintiff States believes that this Final Consent Judgment has been

violated, they may apply to the Court for an order of contempt. Before doing so, such Plaintiff

State or States must give Defendants notice of its belief that the Final Consent Judgment has

been breached and a reasonable opportunity for the Defendants to cure any alleged violation or

violations.  If the Court finds that Defendants have breached this Final Consent Judgment, the

Court may order any remedy appropriate to cure Defendant's breach including specific

performance or other equitable relief, the award of damages, other compensation and penalties

and costs and attorneys' fees.

## VIII.    FEES AND COSTS

Within 10 days of entry of this Final Consent Judgment, Defendants shall pay to Plaintiff

States their reasonable costs and attorneys' fees incurred in connection with this in the aggregate

amount of $337,462.50.  Such payment shall reimburse the costs and fees of the Offices of

Attorneys General of Plaintiff States.  These funds shall be used for continued public protection

and antitrust enforcement or, for the State of Texas, for such other uses as are authorized by the laws of Texas.  Plaintiff States hereby designate the Florida Attorney General's Office as the party to receive the payment of fees and costs covered by this section, and to redistribute these funds to the other Plaintiff States.

## IX.    RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Consent Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Consent Judgment, to modify any of its provisions, to ensure and enforce compliance, and to punish violations of its provisions.

## X.    EXPIRATION OF CONSENT JUDGMENT

Unless this Court grants an extension, this Final Consent Judgment shall expire ten (10) years from the date of its entry.

IT IS SO ORDERED, this 2nd day of January 2014.

_____
JUDGE PRESIDING